

Martin Ware, (H-13103) ASU01-00123L
_____
Name and Prisoner/Booking Number

Kern Valley state prison
_____
Place of Confinement

P.O. Box. 3130
_____
Mailing Address

Delano, CA 93216
_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

FILED

AUG 25 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Martin Ware
_____ ,
(Full Name of Plaintiff)          Plaintiff,

v.

(1) M. Bitter Warden K.V.S.P. inter alia
_____ ,
(Full Name of Defendant)

(2) C. Pfeiffer replacing Warden Bitter, G.
JAIME A.W., J. usher ccl, A. Garcia co, E.

(3) Perez ccll, D. Tarnoff ccll, K. Kaufman,
ccl, M. Faulkner cell, M. contreras ccl,

(4) D. Davey CDW
_____ ,

                    Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 2-110-CV-7C90-KJN
_____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER &**
pursuant to 28 U.S.C. §1915(g)
proceed Non-paid Informa
pauperis under imminent danger
or serious harm & insupport of 1983
Plaintiff is seeking declaratory
injunction, money awards challenging
state-wide prison policy governing
(IHA), (IHC) DEMAND for JURY TRIAL

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:

☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

☐ Other: _____.

2. Institution/city where violation occurred: Kern Valley state prison _____.

Revised 3/15/2016                    1

## B. DEFENDANTS  See page 2-A Listing them

1. Name of first Defendant: **Christian Pfeiffer** _____. The first Defendant is employed as:
   <u>Correctional Warden(A)</u> _____ at <u>Kern Valley state prison</u> _____.
   (Position and Title)                    (Institution)

2. Name of second Defendant: **G. JAIME** _____. The second Defendant is employed as:
   <u>Correctional Associate warden</u> _____ at <u>Kern Valley state prison</u> _____.
   (Position and Title)                    (Institution)

3. Name of third Defendant: **J. Usher** _____. The third Defendant is employed as:
   <u>Correctional Counselor I</u> _____ at <u>Kern Valley state prison</u> _____.
   (Position and Title)                    (Institution)

4. Name of fourth Defendant: **A. Garcia** _____. The fourth Defendant is employed as:
   <u>Correctional officer Housing unit Floor staff</u> at <u>Kern Valley state prison</u> _____.
   (Position and Title)                    (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS  See page 2-B Listing them

1. Have you filed any other lawsuits while you were a prisoner?  ☑ Yes  ☐ No

2. If yes, how many lawsuits have you filed? **Six** . Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
      _____.

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
      _____.

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
      _____.

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

1   B. Dendants  Page 2-A

2   5. Name of FIFTH Defendant: E. Perez     . The FIFTH Defendant is employed
3   as: Correctional captain Appeals coordinator supervisor at Kern Valley State Prison

4   6. Name of SIXTH Defendant: D. Tarnoff. The SIXTH Defendant is employed
    as: Correctional Captain Appeals coordinator supervisor at Kern valley state prison

5   7. Name of seventh Defendant: H. Kaufman. The seventh Defendant is employed
6   as: Correctional counselor I at Kern valley state prison

7   8. Name of eighth Defendant: M. Faulkner. The eighth Defendant is employed
8   as: Correctional counselor II supervisor at Kern valley state prison.

    9. Name of NINTH Defendant: M. Contreras. The NINTH Defendant is employed
9   as: Correctional counselor I at Kern valley state prison.

10  10. Name of TENTH Defendant: D. Davey. The TENTH Defendant is employed
    as: Correctional Chief Deputy warden at Kern valley state prison
11

    The above Listed Defendants is sued in their Individual capacity
12  while acting under color of Authority and State Law.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## C. Previous Lawsuits page 2-B

1. Case name: "Ware vs. CAL A. Terhune, CDCR Director et al.,
at The United States District Court for The EASTERN DISTRICT OF CALIFORNIA
civil docket no. 2:00-CV-0971
assigned: Hon Judge Lawrence K. KARLTON, and referred to U.S. magistrate
Judge DALE A. DROZD
disposition: dismissed without prejudice
filing date: May 03, 2000
disposition date: June 01, 2001

2. Case name: "Ware vs. Steven cambra, JR Warden P.B.S.P. et al.,
at The United States District Court for THE NORTHERN DISTRICT OF CALIFORNIA
civil docket no. 3:98-cv-0660
assigned: US magistrate Judge charles R. Byers
disposition: dismissed with out prejudice
filing date: Feb 19, 1998
disposition date: June 30, 1998

3. Case name: "Ware vs. CAL A. Terhune, CDCR Director et al.,
at The United States District for THE NORTHERN DISTRICT of CALIFORNIA
civil docket no. 3:98-cv-04874
assigned: U.S. magistrate Judge charles R. Byers
disposition: dismissed
filing date: Dec 22, 1998
disposition date: Jan 05, 1999

4. Case name: "Ware vs. Robert L. Ayers Warden P.B.S.P. et al.,
at The United States District Court for THE NORTHERN DISTRICT OF CALIFORNIA
civil docket no. 3:99-cv-0076
assigned: U.S. magistrate Judge charles R. Byers
disposition: dismissed

5. Case name: "Ware vs. CAL A. Terhune, CDCR Director et al.,
at The United States District Court For THE NORTHERN DISTRICT OF CALIFORNIA
civil docket no. 3:00-cv-04792
assigned: U S magistrate Judge charles R. Byers
disposition: dismissed without prejudice
filing date: Dec 26, 2000
disposition date Jan 03, 2001

6. Case name: "Ware vs. M. MCDONALD Warden H.D.S.P. et al.,
at The United States District Court for The EASTERN District of CALIFORNIA
civil docket no. 2:12-cv-1505
assigned: U.S. magistrate Judge Kendall J. Newman and Hon Judge
Morrison C. England, JR
disposition: pending 42 U.S.C. § 1985
filing date: June 06, 2012, May 20, 2013 T.A.C.
re-assignment date: April 03, 2015 referred Hon Judge TROY L. NUNLEY
disposition date: May 20, 2013 T.A.C.

1

1  *Id*. 2014 U.S. DIST Lexis 88257 Million vs. Manuel, June 27, 2014 opinion.

2  See also Andrews vs. Cervantes, 439 f.3d 1047, 1053 (9th cir 2007)

Plaintiff Martin Ware, is proceeding under informa pauperis under the federal

3  statute 28 U.S.C. & 1915 subdivision (g).

4  This federal statute of that section provides; In no event shall a prisoner

bring a civil action or appeal a judgment in a civil action or proceeding

5  under this section, if the prisoner has on 3 or more occassion(s)

while incarcerated or detained in any facility brought an action

6  or appeal in a court of the United states that was dismissed on

7  the grounds that it is "Frivolous", "Malicious", or "fails" to state

8  a claim upon which relief may be granted, unless the prisoner is

under imminent danger or suffered a serious harm or physical

9  injury pursuant to 28 U.S.C. & 1915 subdivision (g).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### D.  CAUSE OF ACTION

### CLAIM I

1.  State the constitutional or other federal civil right that was violated: _due process equal protection under the eight amendment of the U.S. federal Constitution._

2.  **Claim I.** Identify the issue involved. Check **only one.** State additional issues in separate claims.
    - ☑ Basic necessities
    - ☐ Mail
    - ☐ Access to the court
    - ☐ Medical care
    - ☐ Disciplinary proceedings
    - ☐ Property
    - ☐ Exercise of religion
    - ☑ Retaliation
    - ☐ Excessive force by an officer
    - ☑ Threat to safety
    - ☐ Other: _____

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    1. On or about April 10, 2013 plaintiff Martin Ware, arrived at Kern Valley state prison in Delano, California.
    2. Prior to the exhaustion of available administrative state remedies on appeal log#: KVSP-0-15-02325.
    3. On or about December 04, 2014 plaintiff first notified Defendant D. Davey C.D.W. and, or Defendant M. Bitter warden who is recently been vacated in 2016 in a letter report being a victim of potential racial issues and on-going enemy concerns based incidents with other Afro-Americans S.N.Y. inmates and because plaintiff is a mixed origin Mexican National and have.

    _See page 3-A_

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
    _Known risk of harm, anxiety, humiliation, and emotional mental pain_

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☑ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Claim I?   ☑ Yes   ☐ No
    c.  Did you appeal your request for relief on Claim I to the highest level?   ☑ Yes   ☐ No
    d.  If you did   submit or appeal a request for administrative relief at any level, briefly explain
    _plaintiff appeal is pending a third level Response Directors review by M. Voong chief prison Appeals branch examiner since July 18, 2016._

D. Cause of Action page 3-A

past gang affiliation with a Southern Hispanic street gang known as Lynwood Varrio young Crowd Tiny Locos. and could no longer continue to live safely or program with other Afro-American SNY inmates at H.U.S.P.

4. plaintiff request to Defendant Davey CDW. and Defendant Bitter warden to update his CDCR IPTTR05 Initial Housing Review File specifically the two(2) separate undocumented race-based incident with Afro-American SNY inmates that initially occurred at H.D.S.P. on facility Bravo SNY. and most recent at H.U.S.P. on facility charlie SNY was denied.

5. As to the claim in paragraph 4 Defendant Davey and Defendant Bitter denied plaintiff request.

6. Shortly after on or about January 02, 2015 Defendant JAIME A.W. authorized a Head administration decision to ensure plaintiff welfare, and safety while residing on facility charlie S.NY. and provided that plaintiff housing needs or custodial enemy separation concerns are more appropriately address by the assign counselor at the facility.

7. Upon information and belief inmates are given due process equal protection under the same provision pursuant to CCR's tit. 15 subchapter 5 article 1. section 3380 (a).

8. over the next months plaintiff remained without proper staff supervision to those condition he was previously exposed and suffered a known risk of harm, anxiety, humiliation and mental emotional pain he experience at this facility.

9. On or about feburary 02, 2015 plaintiff notified Defendant JAIME A.W. and requested staff intervention into incompatible issues regarding an Intra facility cell move transfer that was not recorded and Forward CDCR form 22 Topic service staff return disposition dated 10/12/14.

10. As to the claim in paragraph 9. Defendant JAIME, denied plaintiff request.

11. Defendant JAIME, in his previous letter informed plaintiff if he ever have any concerns for his safety, he is encourage to immediately contact the staff in his assign housing unit, and if plaintiff was having issues to contact his counselor or the facility correctional captain.

12. upon information and belief state prisoner having housing concerns for their safety are encourage to immediately notify custody staff if their safety is in jeopardy.

13. On or about January 14, 2015 plaintiff request to Defendant Garcia custody staff at building five to deliver a enclosed anonymous note in a CDC 805 U'save em envelope address to Defendant Usher that relayed his present safety concerns of a non-documented enemy separation with Inmate Stanley (T38494) and because the facility program office supervisor Defendant V. Sica on two previous occasion conducted a safety concerns and housing needs review into plaintiff allege enemy concerns that were reduced to "incompatible issues" with instructions to follow up these issues with the assign counselor at plaintiff building ( Please see Def SICA CDC 128-B chrono dated 12/12/14 and 01/31/15 as exhibit

14. As to the claim in paragraph Defendant Garcia denied plaintiff request.

15. On or about January 14, 2015 shortly after the first incident he agin asked Defendant Usher assign counselor in building five whether custody staff had delivered the note to her.

16. upon information and belief the assign correctional counselor I are responsible for the welfare, and safety of inmates while confined at the facility.

17. On or about January 14, 2015 Defendant Usher informed plaintiff the staff had retained the note by pointing her hand where CDC 805 U save em envelope layed on Defendant Garcia desk.

18. plaintiff request to Defendant Usher for counselor to complete a general in-house assessment with Inmate Stanley (T38494) was denied.

19. As to the claim in paragraph 18. Defendant Usher denied plaintiff request

20. On or about Feburary 06, 2015 plaintiff informed Defendant Usher he received a Memorandum from Defendant JAIMR dated January 02, 2015 with instructions to follow up on all his potential racial issues and on-going concerns before the upcoming annual review already set for May 21, 2015, was denied.

21. Defendant Usher asked plaintiff "is this all about Inmate Stanley"?

22. Plaintiff informed Defendant Usher, that Inmate Stanley (T38494) was recently rehoused from C2-229L to C5-109L and during PM yard on January 31, 2015 he identified a non-documented enemy separation

1    on facility charlie upper yard

2 23. Upon information and beliefs the counselor's are obligated to review

3 custodial referrals and make a general threat assessment into Plaintiff risk of danger or serious harm.

4 24. On or about feburary 06, 2015 plaintiff request to Defendant Usher

5 for an opportunity to sign-off with Inmate Stanley (T38494) on a compatible chrono agreeing to co-exist on the same facility and

6 provided Counselor this similar procedure was authorized at K.V.S.P. and H.D.S.P. by producing inmate copy dated may 14, 2011

7

8 25. As to the claim in paragraph 24. Defendant Usher, denied plaintiff request because Defendant JAIME provided written instruction what

9 26. provision are entitled to Inmates while confined at the facility.

10 27. On or about feburary 06, 2015 plaintiff was adversely removed

11 from facility charlie building Five to facility Delta building six and shortly after to building One, continued Living together

12 with Inmate Roger Martin (E-86843) up and til April 12, 2016.

13 28. On or about feburary 24, 2015 plaintiff submitted a CDCR 602,

14 602-A Inmate Appeal against Defendant V. Sica and Defendant J. Usher For denial of other procedural safeguards to receive a

15 general threat assessment to identify a non-documented enemy separation after program administrator verified Inmate Stanley

16 was not on the same facility or housed in the same housing

17 unit. and rehoused stanbel on January 31, 2015.

18 29. On or about feburary 27, 2015 Defendant R. Perez CCII Appeals coor-

19 dinator screened out plaintiff appeal action filed against facility Charlie prison staff. on appeal log #KVSP-0-15-0372

20 30. As to claim in paragraph 29. Defendant Perez, denied plaintiff

21 request.

22 31. On or about feburary 26, 2015 plaintiff request to Defendant Kaufman

23 for an opportunity to help retrieve Inmate personal Legal documents in the possession of Charlie program administrators as confirmed by

24 Defendant R. Trujillio during a schedule open-line interview on July 21, 2014. at building Two. plaintiff subsequently request to

25 Defendant Kaufman case-worker followup action into Defendant

26 JAIME Memorandum dated January 02, 2015. for the purpose of the upcoming Annual review.

27

28

32. On or about March 12, 2015 plaintiff submitted a CDCR 602, 602-A Inmate Appeal against Defendant Knufman for denial of Adequate protection and help retrieve Inmate personal legal documents thereupon in the possession of CCIA.CASTILLO, and program administrator on facility charlie.

33. As to the claim in paragraph 32. Defendant Knufman denied Plaintiff request.

34. On or about March 23, 2015 Defendant Perez screen-out plaintiff appeal action filed against facility Delta prison staff on appeal log # KVSP-0-15-00833

35. On or about March 15, 2015 plaintiff received Defendant Perez CDC 695 screening notice with instructions to remove hand written response and forms-22.8 not related to the appeal.

36. On or about March 31, 2015 plaintiff resubmitted appeal log # KVSP-0 -15-0312 to Defendant D.Tarnoff, CCII Appeals coordinator.

37. As to the claim in paragraph 36. Defendant Tarnoff, and Defendant Perez denied Plaintiff request.

38. On or about March 29, 2015 plaintiff request to Defendant JAIME A.W. Head Intervention via-confidential mail to receive correctional captain assistance to help retrieve plaintiff personal legal documents retain at facility charlie program office and that were necessary to adjudicate his potential racial issue and on-going enemy concerns with Afro-American SNY inmates before the upcoming annual review was denied.

39. Upon information and belief utilizing institutional mail procedures ensure staff interaction with inmates who delegate written com-communications at the facility

40. On or about May 27, 2015 plaintiff agin request to Defendant JAIME A.W. Head intervention via CDCR form 22 Topic service as in the Aforemention stated in paragraph 38.

41. On or about June 09, 2015 Defendant JAIME A.W. informed plaintiff that a future review of items identified in CDCR 22 would be provided a response by JUNE 30, 2015.

42. On or about June 23, 2015 Defendant JAIME informed plaintiff another prison supervisor completed an inquiry into the legal package sent to Defendant Davey C.D.W. on July 08, 2014 in regards to plaintiff having enemy concerns and the one request to update his CDCR IPTTI05 Initial Housing review based on the two (2) separate undocumented race-based incidents as plaintiff opportunity to discuss these issues for a more appropriate Integrated housing code recommendation prior to the Next Annual review.

43. On or about June 11, 2015 plaintiff request to Defendant Tarnoff CCII Appeals coordinator via confidential mail to receive a Inmate Appeal Status report on appeal log# KVSP-0-15-0312.

44. On or about June 11, 2015 plaintiff also request to Defendant Bitter warden via confidential mail to receive correctional captain assistance on appeal log#: KVSP-0-15-0312 seventy-one calendar days

45. On or about June 29, 2015 plaintiff request to Defendant Tarnoff CCII Appeals coordinator via CDCR form 22 Topic service to receive a Inmate Appeal Status report on appeal log#: KVSP-0-15-0312.

46. On or about July 13, 2015 Defendant Perez informed plaintiff that appeal log#: KVSP-0-15-0312 was forward through institutional mail on march 12, 2015.

47. On or about July 15, 2015 plaintiff agin request to Defendant Tarnoff CCII Appeals coordinator via confidential mail to receive a subsequent updated Inmate Appeals Status report and consideration to file a new appeal was denied.

48. On or about July 15, 2015 plaintiff agin request to Defendant Bitter warden via confidential mail to receive Head Intervention for Correctional captain assistance to file a new appeal was denied.

49. As to the claim in paragraph 47-48 Defendant Tarnoff and Defendant Bitter denied plaintiff request.

50. On or about July 16, 2015 plaintiff request to Defendant Perez CCII Appeals coordinator via standard GA-22 Inmate request for interview to receive assistance to file a new appeal due to the original appeal is missing, delayed or Lost was denied.

51. As to the claim in paragraph 50 Defendant Perez denied plaintiff request.

52. On or about August 16, 2015 plaintiff agin request to Defendant Perez ccu Appeals coordinator via-confidential mail to receive assistance to process a new appeal.

53. As to the claim in paragraph 52. Defendant Perez denied plaintiff request.

54. On or about September 21, 2015 Defendant Perez informed plaintiff was in receipt of the inmate correspondence address to the office of internal affairs that allege prison staff at KVSP have denied plaintiff procedural safeguards into his enemy concerns, and thereon plaintiff request appeals coordinator assistance to review the allegations related to Defendant Usher was denied.

55. On or about October 18, 2015 plaintiff submitted a secondary cder 602, 602 A inmate appeal seeking consideration to file a new appeal inconnection to appeal log#: KVSP-0-15-0312 that plaintiff identified is been missing beyond 201 calendar days.

56. On or about October 23, 2015 Defendant Perez informed plaintiff that the inmate appeal file october 18th was rejected because there are two appeals requesting the same issue, and asked plaintiff to explain how this appeal log#: KVSP-0-15-02919 is not a duplicate, and why plaintiff have exceed the time limits.

57. As to the claim in paragraph 56. Defendant Perez, denied plaintiff request.

58. On or about November 17, 2015 Defendant Perez agin informed plaintiff that appeal log# KVSP-0-15-02919 was canceled.

59. Upon information and belief the cancellation of a prison appeal terminate the exhaustion of available administrative remedies with a final disposition objective. For the reason of social action.

60. On or about December 13, 2015 plaintiff then submitted a cder 602 canceilation on appeal log#: KVSP-0-15-02919.

61. On or about December 21, 2015 Defendant Perez agin informed plaintiff that his cancellation appeal was rejected because the appeal log# KVSP-0-15-03517 is incomplete with instructions to sign, and date the 602 form.

62. On or about feburary 26, 2016 Defendant Perez agin Informed
plaintiff that appeal log #: KUSP-0-15-03517 was rejected because
it exceeded the regular time limit in resubmitting appeal.

63. On or about January 28, 2016 Defendant Perez informed plaintiff
the cancellation was accepted by sending a Inmate appeal
assignment Notice approved for second level response with a due
date of March 09, 2016.

64. On or about March 24, 2016 Defendant Perez agin informed plaintiff
the cancellation appeal was accepted by sending a Inmate appeal
assignment Notice approved for second level response with a due
of may 04, 2016

65. On or about April 18, 2016 Defendant Perez agin informed plaintiff
appeal log #: KUSP-0-15-03517 was rejected for failure to correct
and return a rejected appeal within 30 days.

## CLAIM II

1. State the constitutional or other federal civil right that was violated: **failure to protect** under the eight amendment of the U.S. federal constitution.

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☑ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☑ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

66. On or about August 19, 2015 Defendant faulkner informed plaintiff during said Annual review provided had evaluated his safety concerns and all enemies are documented, and noted on CDC 812. A assessment was also made for a (IHC) integrated Housing code recommendation. Defendant faulkner committee chair person reminded plaintiff a previous discussion about a letter sent to Warden Bitter', and that Associate warden Jaime was notified and have consider inmate. does not meet the criteria for (R.T.) restricted Temporary for single-cell or (R.T.) restricted partially with an alternate race was denied.

67. Plaintiff request to Defendant faulkner CCII correctional counselor II supervisor a recommendation for a new (IHC) should be approved because he has reported two (2) separate un-documented-Race-based incidents and provided the assign Counselor M. Contreras available documentation via-epcr form 22 Topic Service before this annual review on August 08, 2015. There is a Likelihood would be exposed to a serious harm or danger if assign a black cellpartner. etc.

68. As to the claim in paragraph 67. The Defendant faulkner and Defendant Contreras denied plaintiff request.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   known risk of harm, anxiety, humiliation, and Emotional Mental pain.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☐ Yes   ☐ No
   b. Did you submit a request for administrative relief on Claim II?   ☐ Yes   ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level?   ☐ Yes   ☐ No
   d. If you did ~~not~~ submit or appeal a request for administrative relief at any level, briefly explain ~~why you did not~~. as stated on page 3

4

## CLAIM III

1. State the constitutional or other federal civil right that was violated: due process equal protection under the eight amendment of The U.S. federal constitution.

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

☑ Basic necessities　　　☐ Mail　　　☐ Access to the court　　　☐ Medical care
☐ Disciplinary proceedings　　☐ Property　　☐ Exercise of religion　　☑ Retaliation
☐ Excessive force by an officer　　☐ Threat to safety　　☑ Other: classification assessment for a security threat group identification

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

69. On or about August 18, 2015 Defendant Contreras asked plaintiff during a pre schedule annual review, and aprised plaintiff to sign a CDCR 2260 advisement of expectations and CDC-128 B STG annunciation of a Security threat Group Affiliation, illicit behavior.

70. plaintiff request to Defendant Contreras that this decision to be classified as a associate from a Black Street Gang is in error and provided was used to testify in a Murder trial and also can support is a victim to gang shooting before and after having testified in the Los Angeles criminal court Building under a Multi-Task force. called Hard core gang unit was denied.

71. As to the claim in paragraph 70. Defendant Contreras denied plaintiff request.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

Known risk of harm, anxiety, humiliation, and Emotional Mental pain.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?　　☑ Yes　☐ No
   b. Did you submit a request for administrative relief on Claim III?　　☑ Yes　☐ No
   c. Did you appeal your request for relief on Claim III to the highest level?　　☐ Yes　☑ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. cancelled based on improper screening from 2011, and 2013 CDCR8-G states gang affiliation

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

### E. REQUEST FOR RELIEF See page 6-A

State the relief you are seeking:

Wherefore, plaintiff respectfully prays this court:

A. Declare that the acts and omission describe herein violated plaintiff secured rights under the U.S. Federal Constitution and The Laws of The United States of America

B. Grant an order for said Defendants pay reasonable money awards.

C. Grant plaintiff a discovery motion.

D. Grant plaintiff a declaratory injunction order seeking state-wide compliance. mandate challenging prison policy governing plaintiff receive a private screening Initial Housing review and update. cpor IPTTUST, then Unelation S.T.G. Affiliation; Asso/ Illict Behavior.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **August 21, 2016 Sunday 3/w.**
            DATE

                                    Martin Ware
                                    SIGNATURE OF PLAINTIFF
                                    Martin Ware pro-se

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

Request for Relief page 6-A

1   process upon arrival to any Institution and update
2   CDCR IPTT105 Initial Housing Review file annual and, or
    as Information may arise at the Institution

3   E. Grant plaintiff Exparte Application for an enlargement of time
4   requesting Consideration Leave to file a late 1983 civil rights
    Act complaint Due to unreasonable circumstance arising at
5   The Institution

6   F. Grant plaintiff summon's order based on the merit of this
    claims for service of process by the United states Marshall
7   via~ USM-285 Form.

8   H. Grant plaintiff any other Just and equitable relief that this
9   Honorable court deems necessary for a trial on all issue triable
    thereon by a Demand for Jury Trial.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Martin Ware
        Plaintiff

v.                                          Case Number:

M. Bitter K.V.S.P. warden inter alia
G. JAIME A.W., J. usher ccI & A. Gracia,
CO, R. Perez ccII, D. Tarnoff ccII, K.
Kaufman ccII, M. Faulkner ccII, M.          PROOF OF SERVICE
Contreras ccI, C. Pfeiffer replacing
warden Bitter, D. Davey CDW
              Defendants


I hereby certify that on   on August 21, 2016        , I served a copy

of the attached   Civil rights Act 42 U.S.C. § 1983, & application to proceed
Informa pauperis by a prisoner, Exparte Application for
an enlargement of time, Declaration of Plf, & order granting EOT
by placing a copy in a postage paid envelope addressed to the person(s) hereinafter

listed, by depositing said envelope in the United States Mail at

united states courts office of the clerk U.S.D.C. F.D. 501 "I" street Dept Ste 4-200
sacramento. and state of california Dept Justice office of the attorney general
600 w. Broadway Ste 1800 P.C. Box. 85266 SanDiego, CA 92186-5266
(List Name and Address of Each

Defendant or Attorney Served)


I declare under penalty of perjury that the foregoing is true and correct.

Martin Ware
Martin Ware, (H-13163) ASU6-100-123L

(Signature of Person Completing Service)