UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN WARE,<br><br>        Plaintiff,<br><br>    v.<br><br>M. BITTER, et al.,<br><br>        Defendants. | Case No.: 1:16-cv-01302-DAD-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Martin Ware is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined United States Magistrate Judge jurisdiction; therefore, this action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's complaint filed on August 25, 2016.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

While persons proceeding pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names C. Pfeiffer, G. Jaimes, J. Usher, A. Garcia, E. Perez, D. Tarnoff, K. Kaufman, M. Faulkner, M. Contreras, D. Davey, and V. Sica as Defendants.

On or about April 10, 2013, Plaintiff arrived at Kern Valley State Prison (KVSP), in Delano, California.

On or about December 4, 2014, Plaintiff notified Defendant D. Davey and M. Bitter in a letter report of being a victim of potential racial issues and on-going enemy concerns based on incidents with other Afro-Americans security needs yard inmates. Plaintiff is a mixed origin Mexican national who has past gang affiliation with a Southern Hispanic street gang known as Lynwood Varrio Young Crowd Tiny Locos. Plaintiff is unable to continue to live safely or program with other Afro-American security needs yard inmates at KVSP.

Plaintiff requested that Defendants Davey and Bitter update his initial housing review file, specifically, two separate undocumented race-based incidents with Afro-American security needs yard that initially occurred at High Desert State Prison. Plaintiff's request was denied.

On January 2, 2015, Defendant Jaime authorized a head administration decision to ensure Plaintiff's welfare and safety while residing on facility "Charlie" security needs yard and provided that Plaintiff's housing needs or custodial enemy separation concerns are more appropriately addressed by the assigned counselor at that facility.

Over the next months, Plaintiff remained without proper staff supervision to his safety concerns and suffered harm, anxiety, humiliation, and mental emotional pain.

On January 14, 2015, Plaintiff requested Defendant Garcia to deliver an anonymous note to Defendant Usher that relayed his present safety concerns of a non-documented enemy situation with inmate Stanley. Facility Program Office Supervisor Defendant V. Sica on two prior occasions conducted a safety concern and housing needs review regarding Plaintiff's concerns. The issue was reduced to "incompatible issues" with instructions to follow-up on the issues with the assigned counselor at Plaintiff's building. The note was never delivered to Defendant Usher.

On or about February 2, 2015, Plaintiff notified Defendant Jaime and requested staff intervention into incompatible issues regarding an intra facility cell move transfer that was not recorded. Plaintiff's request was denied.

On or about February 6, 2015, Plaintiff informed Defendant Usher he received a memorandum from Defendant Jaime, dated January 2, 2015, with instructions to follow-up on all his potential racial issues and ongoing concerns before the upcoming annual reviewed scheduled for May 21, 2015. Defendant Usher asked Plaintiff if it was all about inmate Stanley, and Plaintiff informed him that Stanley was recently rehoused, and on January 31, 2015, he identified a non-documented enemy separation on facility "Charlie" upper yard. Upon information and belief, counselors are obligated to review custodial referrals and make a general threat assessment into Plaintiff's risk of danger or serious harm.

On or about February 6, 2015, Plaintiff requested Defendant Usher to sign-off with inmate Stanley on a compatible chrono agreeing to co-exist on the same facility.  Usher denied the request because Defendant Jaime provided written instruction regarding the proper procedures.

On or about February 6, 2015, Plaintiff was adversely removed from facility "Charlie" building five to facility Delta six and shortly thereafter to building one and continued living with inmate Roger Martin up until April 12, 2016.

On or about February 24, 2015, Plaintiff submitted an inmate appeal against Defendants V. Sica and J. Usher for denial of procedural safeguards to receive a general threat assessment to identify a non-documented enemy separation after program administration verified inmate Stanley was not on the same facility or housed in the same housing unit.

On or about February 27, 2015, Defendant R. Perez, screened out Plaintiff's appeal (Log No. KVSP-0-15-0312) and denied Plaintiff's request.

On or about February 26, 2015, Plaintiff made a request to Defendant Kaufman to help retrieve inmate personal legal documentation in the possession of "Charlie."

On or about March 12, 2015, Plaintiff submitted an inmate appeal against Defendant Kaufman for denial of adequate protection and for lack of assistance in retrieving inmate personal legal documentation.  Plaintiff's appeal was denied.

On or about March 29, 2015, Plaintiff requested that Defendant Jaime provide assistance in retrieving Plaintiff's personal legal documentation retained at the facility Charlie program office which was necessary to adjudicate his potential racial issue and ongoing enemy concerns with Afro-American security needs yard inmates prior to the upcoming annual review.  Plaintiff's request was denied.  Plaintiff made a second request to Defendant Jaime on May 27, 2015.

On or about June 9, 2015, Defendant Jaime informed Plaintiff that a future review of items identified in his request would be provided a response by June 30, 2015.

On or about June 23, 2015, Defendant Jaime informed Plaintiff that another supervisor completed an inquiry into Plaintiff enemy concerns.

Plaintiff's appeal Log No. KVSP-0-15-0312 was lost and/or delayed, and on July 16, 2015, Plaintiff requested assistance from Defendant Perez in filing a new appeal. Plaintiff's request was denied.

On or about August 16, 2015, Plaintiff again requested assistance from Defendant Perez in processing a new appeal. Plaintiff's request was denied.

On or about August 18, 2015, Defendant Contreras asked Plaintiff during a prescheduled annual review to sign an advisement of expectations and annunciation of a security threat group affiliation. Plaintiff informed Defendant that his classification as an associate of the Black Street Gang was in error and was used to testify in a murder trial. Defendant Contreras denied Plaintiff's request for modification of his classification.

On or about August 19, 2015, Defendant Faulkner informed Plaintiff during annual reviewed that he evaluated Plaintiff's safety concerns and all enemies were documented and noted. It was determined that Plaintiff did not meet the criteria for restricted temporary housing. Plaintiff requested reconsideration by Defendant Contreras, but Plaintiff's request was denied.

On or about October 18, 2015, Plaintiff submitted a second inmate appeal requesting consideration to file a new appeal in connection with appeal Log No. KVSP-0-15-0312 which was missing. On or about October 23, 2015, Defendant Perez informed Plaintiff that his second inmate appeal was denied.

### III.
### DISCUSSION

**A.     Failure to Protect**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.

Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Plaintiff's allegations fail to give rise to a cognizable claim for failure to protect. Plaintiff makes reference to racial tension regarding an undocumented individual and that he was improperly classified and could not be housed with other Afro-American sensitive needs yard inmates. However, Plaintiff's fear injury is not sufficient to subject any Defendant to liability for failure to protect. Rather, Plaintiff must identify with sufficient factual support a serious risk to Plaintiff's safety that Defendants knew of and disregarded. Plaintiff's speculative and generalized fears of harm are not enough to state an Eighth Amendment claim. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) ("a mere suspicion that an attack will occur" is not enough to support a cognizable Eighth Amendment claim). Accordingly, Plaintiff fails to state a cognizable failure to protect claim under the Eighth Amendment and leave to amend will be granted.

### B. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

Although Plaintiff claims an equal protection violation occurred, Plaintiff fails to set forth any facts to support an equal protection claim. Accordingly, Plaintiff fails to state a cognizable claim under the Equal Protection Clause.

///

### C. Inmate Appeal Process

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not a have protected liberty interest in the processing of his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed August 25, 2016, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **January 11, 2017**

UNITED STATES MAGISTRATE JUDGE