UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN WARE,<br><br>        Plaintiff,<br><br>    v.<br><br>M. BITTER, et al.,<br><br>        Defendants. | Case No.: 1:16-cv-01302-DAD-SAB (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF AND GRANTING PLAINTIFF ONE FINAL OPPORTUNITY TO AMEND<br><br>[ECF No. 23] |

Plaintiff Martin Ware is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined United States Magistrate Judge jurisdiction; therefore, this action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's first amended complaint, filed February 16, 2017.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

While persons proceeding pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff names C. Pfeiffer, G. Jaime, J. Usher, A. Garcia, E. Perez, D. Tarnoff, K. Kaufman, M. Faulkner, M. Contreras, B. Marroquin, Lane, J. Montecino, D. Davey, V. Sica, A. Castillo, and D. Goss, as Defendants.

On or about April 10, 2013, Plaintiff arrived at Kern Valley State Prison (KVSP), in Delano, California.

On or about April 10, 2013, Defendants former Warden Bitter and Chief Deputy Warden Davey failed to complete an initial housing review for Plaintiff to receive appropriate placement in the general population and placed him on sensitive needs yard with another Afro-American inmate who exposed Plaintiff to racial discrimination and fear of injury because Plaintiff is a mixed origin Mexican national. Plaintiff was housed with the inmate from April 10, 2013 to October 12, 2014.

1   On or about September 2, 2014, Defendant B. Marroquin failed to provide Plaintiff an
2   appropriate inmate housing assignment review.
3   On or about September 22, 2014, B. Marroquin failed to complete a secondary general safety
4   and housing need assessment and/or notify the facility C program office supervisor of receiving a
5   request for interview.
6   On or about October 9, 2014, Defendant B. Marroquin failed to complete a third general safety
7   housing needs assessment and/or notify the facility C program office supervisor to be approved for a
8   transfer.
9   On or about October 12, 2014, Defendant R. Lane failed to complete a general safety housing
10  needs assessment for an emergency cell move compaction.
11  On or about October 27, 2014, Defendant J. Mentecino denied Plaintiff's request to not be
12  rehoused on "C" lower yard with inmate Stanley because he is an enemy that "most probably would
13  lead to future force and violence."
14  On or about October 29, 2014, Defendant A. Castillo denied Plaintiff's request to receive
15  counselor assistance to obtain personal legal documents in the possession of "C" program office
16  administrators.  Plaintiff advised Castillo that his personal documents were necessary to adjudicate his
17  potential racial issues and on-going enemy concerns with Afro-American security needs yard inmates
18  before the upcoming annual review.
19  On or about November 10, 2014, Defendant A. Garcia denied the request to complete a
20  program office supervisory review follow-up.
21  On or about November 26, 2014, Defendant D. Goss failed to resolve the inmate housing
22  situation and exposed Plaintiff to potential danger.  Plaintiff informed Defendant Goss that Garcia
23  completed a formal review and verified that there was no documented enemy information because the
24  records provide no support as to the reason for rehousing from building 2 to building 5.
25  On or about December 12, 2014, Defendant Sica did not provide Plaintiff with a safety
26  assessment.
27  On or about January 2, 2015, Defendant Jaime did not provide Plaintiff classification review
28  into potential racial issues and on-going enemy concerns based on two separate undocumented race-

3

based incidents from High Desert State Prison and Kern Valley State Prison that involve other Afro-American security needs yard inmates.

On or about January 14, 2015, Defendant A. Garcia failed to allow Plaintiff staff interaction to deliver an anonymous note addressed to counselor J. Usher with regard to a non-documented enemy separation with inmate Stanley.

On or about January 14, 2015, Defendant J. Usher failed to provide Plaintiff a follow-up review in regard to his alleged incompatibility issues.

On or about January 31, 2015, Defendant V. Sica failed to provide Plaintiff a subsequent safety assessment relating to housing placement on facility C upper yard with inmate Stanley. Defendant Sica did not address Plaintiff's safety concerns since October 12, 2014 which resulted in an emergency cell move transfer and there was no documented enemy information in the institutional records to support the reason why Plaintiff was re-housed to another sub-facility.

On or about February 2, 2015, Defendant Jaime failed to respond to Plaintiff's letter for head intervention because there was no current administrative record on file as to why Plaintiff and inmate Stanley were separated on October 12, 2014 and the prior cellmate was rehoused in building 5.

On or about February 6, 2015, Defendant J. Usher failed to provide Plaintiff a counselor administration follow-up for potential racial issues and on-going enemy concerns with other Afro-American security needs yard inmates before the upcoming annual review scheduled for May 21, 2015. Plaintiff informed Defendant Usher that he had compatibility issues that were unresolved. Plaintiff requested to receive a classification process in fourteen days after rehousing from facility C and D having reported enemy concerns with inmate Stanley but instead was adversely transferred to another sub-facility that housed a large general population of Afro-American security needs yard inmates.

On or about February 24, 2015, Plaintiff submitted a prison grievance against Defendants Usher, Sica and Faulkner regarding the denial of procedural safeguards to receive a general threat assessment and to identify a non-documented enemy separation on facility C lower yard.

On or about February 26, 2015, Defendant K. Kaufman failed to provide adequate follow-up classification process into potential racial issues and on-going enemy concerns.

4

On or about February 27, 2015, Defendant appeals coordinator E. Perez failed to provide an adequate screening process in retaliation for filing a grievance against Defendants Usher, Sica and Faulkner. On or about March 15, 2015, Defendant Perez instructed Plaintiff to remove handwritten attachments to his appeal. On or about March 31, 2015, Plaintiff re-submitted his inmate appeal.

On or about May 27, 2015, Defendant Jaime failed to assist Plaintiff in locating documentation regarding his housing placement.

On or about July 15, 2015, Plaintiff sent a letter to Defendant appeals coordinator Tarnoff for assistance in filing a new grievance.

On or about August 16, 2015, Plaintiff sent another letter to Defendant Perez to receive assistance in processing a new appeal but it was denied.

On or about August 18, 2015, Defendant M. Contreras failed to provide Plaintiff a placement assessment. Plaintiff informed Contreras that the Black Street gang identification was incorrect. Plaintiff reminded Contreras that Plaintiff has past gang affiliation with a Southern Hispanic street gang known as "Lynwood Varrio Young Crowd Tiny Locos."

On or about August 19, 2015, Defendant Faulkner failed to provide Plaintiff an adequate classification process into potential racial issues and on-going enemy concerns to update his housing placement.

On or about October 18, 2015, Plaintiff submitted a new appeal which was denied.

On or about October 23, 2015, Defendant Perez denied Plaintiff's appeal and asked Plaintiff how the appeal was not a duplicate of a prior appeal and why the time limits were exceeded. On or about November 17, 2015, Plaintiff's appeal was cancelled by Defendant Perez.

## III.
## DISCUSSION

**A.    Failure to Protect**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S.

825, 832-33 (1994) (quotations omitted).  Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

      Plaintiff's allegations fail to give rise to a cognizable claim for failure to protect under the Eighth Amendment.  That Plaintiff may have been in fear of attack based upon race and/or gang affiliation does not subject Defendants to liability for failure to protect under the Eighth Amendment. Plaintiff's allegations amount to nothing more than a generalized fear of harm which fails to state a cognizable claim for relief.  See, e.g., Funk v. Schriro, No. CV 08-0739-PHX-GMS (JCG), 2009 WL 4898262, at *7 (D. Ariz. Dec. 14, 2009) (plaintiff's claim that he was forced to endure "constant threat of violence" "too general and conclusory" to make objective showing of substantial risk of harm); Hoptowit v. Ray, 682 F.2d 1237, 1256 (9th Cir. 1982) ("[M]isclassification does not itself inflict pain within the meaning of the Eighth Amendment."), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).  Indeed, the Ninth Circuit has held that even housing inmates of opposite gangs in the same cell, does not alone, state a claim under the Eighth Amendment.  See Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1161 (9th Cir. 2013) (although Plaintiff held subjective fear for his safety, there was no specific information from which Defendants could draw an inference that plaintiff was exposed to a specific threat).  Accordingly, Plaintiff fails to state a cognizable failure to protect claim.

### B. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021,

1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

Although Plaintiff claims an equal protection violation occurred, Plaintiff fails to set forth any facts to support an equal protection claim. Accordingly, Plaintiff fails to state a cognizable claim under the Equal Protection Clause.

### C.      Inmate Appeal Process

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not have a protected liberty interest in the processing of his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

### D.      Retaliation

To the extent Plaintiff is attempting to present a retaliation claim, his allegations fail to give rise to a cognizable claim for relief.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

From review of the allegations in the amended complaint, it appears that Plaintiff's claim is not based on retaliation but rather based on his claim that Defendants failed to comply with operational

procedure in providing him a proper housing assessment. With regard to Defendant Perez, Plaintiff indicates that his response to the inmate appeal was to remove any handwritten documents attached to the appeal. With regard to Defendant Faulkner, Plaintiff indicates that Faulkner told Plaintiff "you are assuming something before it happen, what you need to do is find someone whom you can live compatible before your current cellmate is transferred." With regard to Defendant Perez, Plaintiff alleges only that he asked how the appeal was not a duplicate and why the time limits were exceeded. These allegations do not support a reasonable inference of retaliation. Accordingly, based on the allegations in the amended complaint, Plaintiff has not demonstrated that the filing of any inmate grievance was the but-for cause of any alleged actions taken by Defendants. Thus, Plaintiff fails to state a cognizable claim for retaliation.

## IV.
## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted one final opportunity to amend the complaint if he feels he can do so in good faith. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted). There is no conceivable reason why Plaintiff should need more than twenty-five pages to identify his claims and the specific facts that support those claims. Accordingly, absent further order of this Court for good cause showing, Plaintiff's amended complaint, if he chooses to file one, may not exceed twenty-five pages in length.

///

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's amended complaint, filed February 16, 2017, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 22, 2017**                    _____
                                                UNITED STATES MAGISTRATE JUDGE